IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | CRIMINAL ACTION NO. H-19-377-1 |
| v. | § | |
| | § | CIVIL ACTION NO. H-22-1596 |
| KEVIN RAHEEM PENN | § | |

# MEMORANDUM OPINION AND ORDER

Defendant Kevin Raheem Penn filed a *pro se* motion to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255 with a memorandum of law in support (Docket Entries No. 63, 64). The Government filed a response (Docket Entry No. 67), to which defendant filed a reply (Docket Entry No. 69).

Having considered the motion and memorandum of law, the response and reply, the record, and the applicable law, the Court **DENIES IN PART** the motion to vacate and **ORDERS** an evidentiary hearing as to defendant's ineffective assistance claim against trial counsel, as shown below.

## I. BACKGROUND AND CLAIMS

The record shows that on November 26, 2019, defendant pleaded guilty to conspiracy to possess with intent to distribute less than 500 grams of cocaine (Count 1); using, carrying, or possession of a firearm during and in relation to a drug trafficking crime (Count 3); and felon in possession of a firearm (Count 6). The Court sentenced him to 100 months as to each of Counts 1 and 6, to be served concurrently, followed by 60 months as

to Count 3, to be served consecutively, for a total term of incarceration of 160 months. Defendant's appeal of the convictions and sentences was dismissed as frivolous under *Anders v. California*, 386 U.S. 738 (1967). *United States v. Penn*, Case No. 19-20846 (5th Cir. 2021).

In the instant habeas proceeding, defendant claims that the Court erred in its application of the sentencing guidelines, and that trial and appellate counsel were ineffective in failing to raise the error at sentencing and on appeal.

## II. LEGAL STANDARDS

Generally, there are four grounds upon which a defendant may move to vacate, set aside, or correct his sentence pursuant to section 2255: (1) the imposition of a sentence in violation of the Constitution or the laws of the United States; (2) a lack of jurisdiction of the district court that imposed the sentence; (3) the imposition of a sentence in excess of the maximum authorized by law; and (4) the sentence is otherwise subject to collateral attack. 28 U.S.C. § 2255; *United States v. Placente*, 81 F.3d 555, 558 (5th Cir. 1996). Section 2255 is an extraordinary measure, and cannot be used for errors that are not constitutional or jurisdictional if those errors could have been raised on direct appeal. *United States v. Stumpf*, 900 F.2d 842, 845 (5th Cir. 1990). If the error is not of constitutional or jurisdictional magnitude, the movant must show the error could not have been raised on direct appeal and would, if condoned, result in a complete miscarriage of justice. *United States v. Smith*, 32 F.3d 194, 196 (5th Cir. 1994).

## III. ANALYSIS

A.    <u>Sentencing Guidelines</u>

Defendant challenges the Court's technical application of the Sentencing Guidelines, and argues that the Court improperly enhanced his sentence through application of § 2K2.1(b)(6)(B). Defendant did not raise the issue on direct appeal, nor did he raise it in his *pro se* response to counsel's *Anders* brief on direct appeal.

It is well-established that claims regarding technical applications of the Sentencing Guidelines do not give rise to constitutional issues and are not cognizable in a section 2255 motion. *United States v. Cervantes*, 132 F.3d 1106, 1109 (5th Cir. 1998); *United States v. Vaughn*, 955 F.2d 367, 368 (5th Cir. 1992). Moreover, defendant waived his right to directly and collaterally attack his sentence, except as to claims of ineffective assistance of counsel. (Docket Entries No. 27, pp. 6–7; No. 52, pp. 12–13.)

Defendant's challenge to the technical application of the Sentencing Guidelines in his case raises no cognizable habeas claim and warrants no relief.

B.    <u>Ineffective Assistance of Trial Counsel</u>

Defendant contends that trial counsel was ineffective in failing to object to the Court's application of the four-level sentencing enhancement under U.S.S.G. § 2K2.1(b)(6)(B), based on defendant's use or possession of a firearm in connection with another felony offense (drug trafficking).

3

Defendant's complaint focuses on the application of section 2K2.1(b)(6)(B) to his sentence in Count 6 for violation of section 922(g). Section 2K2.1 is the appropriate guideline for a section 922(g) offense, and subsection (b)(6)(B) provides for a four-level enhancement if the defendant "used or possessed any firearm or ammunition in connection with another felony offense; or possessed or transferred any firearm or ammunition with knowledge, intent, or reason to believe that it would be used or possessed in connection with another felony offense." U.S.S.G. § 2K2.1(b)(6)(B). This Court applied the enhancement at sentencing because the offense involved possession of a firearm in connection with another felony offense, drug trafficking.

However, as noted by the Government in its response, trial counsel did not raise the interplay between sections 2K2.1(b)(6)(B) and 2K2.4, the sentencing guideline provision for defendant's section 924(c) conviction in Count 3. Application note 4 of section 2K2.4 instructs in relevant part as follows:

> If a sentence under this guideline is imposed in conjunction with a sentence for an underlying offense, do not apply any specific offense characteristic for possession, brandishing, use, or discharge of an explosive or firearm when determining the sentence for the underlying offense. A sentence under this guideline accounts for any explosive or weapon enhancement for the underlying offense of conviction, including any such enhancement that would apply based on conduct for which the defendant is accountable under § 1B1.3 (Relevant Conduct). Do not apply any weapon enhancement in the guideline for the underlying offense, for example, if . . . in an ongoing drug trafficking offense, the defendant possessed a firearm other than the one for which the defendant was convicted under 18 U.S.C. § 924(c).

\* \* \*

> If the explosive or weapon that was possessed, brandished, used, or discharged in the course of the underlying offense also results in a conviction that would subject the defendant to an enhancement under . . . § 2K2.1(b)(6)(B) (pertaining to possession of any firearm or ammunition in connection with another felony offense), do not apply that enhancement. A sentence under this guideline accounts for the conduct covered by [that] enhancement[] because of the relatedness of that conduct to the conduct that forms the basis for the conviction under 18 U.S.C. § 844(h), § 924(c) or § 929(a). For example, if in addition to a conviction for an underlying offense of armed bank robbery, the defendant was convicted of being a felon in possession under 18 U.S.C. § 922(g), the enhancement under § 2K2.1(b)(6)(B) would not apply.

Sentencing Guideline § 2K2.4 cmt. n.4.

The Government concedes here that application of the four-level enhancement under section 2K2.1(b)(6)(B) was improper because that conduct was otherwise accounted for in defendant's mandatory consecutive sentence for his section 924(c) conviction in Count 3. Defendant's sentence in Count 3 for his section 924(c) offense was imposed in conjunction with the sentence in Count 6 for his section 922(g) offense. The weapon possessed and used in the course of a drug trafficking offense (Count 3)—a Glock pistol—also resulted in a conviction for felon in possession of a firearm (Count 6) that subjected defendant to an enhancement under section 2K2.1(b)(6)(B). Application note 4 expressly prohibits the enhancement's application under these circumstances. *See United States v. Walters*, 418 F.3d 461, 462 n.1 (5th Cir. 2005) (noting probation officer's determination that, although defendant's use of firearm in connection with other felonies normally triggers four-level

enhancement under section 2K2.1, no such adjustment should be applied because defendant's section 924(c) conviction required a mandatory consecutive sentence).

To establish ineffective assistance of trial counsel, defendant must show that counsel's performance fell below an objective standard of reasonableness and that defendant was prejudiced as a result. *Strickland v. Washington*, 466 U.S. 668 (1984). Trial counsel in this case should have objected to application of section 2K2.1(b)(6)(B), and there was no reasonable trial strategy for not doing so. Moreover, a reasonable probability exists that this Court would have sustained the objection had it been timely raised. Defendant meets his burden of demonstrating deficient performance under *Strickland*.

To show prejudice from counsel's failure to object, defendant must show a reasonable probability that the Court would have sentenced him less harshly. *See Glover v. United States*, 531 U.S. 198, 200 (2001) (holding "that if an increased prison term did flow from an error [of counsel] the petitioner has established *Strickland* prejudice."); *see also United States v. Grammas*, 376 F.3d 433, 437–38 (5th Cir. 2004). Removing the section 2K2.1(b)(6) enhancement in this instance would have lowered defendant's total offense level by four points, thus reducing his guideline imprisonment range in Count 6 from between 100 and 125 months to between 70 and 87 months. *See* U.S.S.G. Ch. 5, Pt. A (Sentencing Table). However, the record does not clearly evince that this Court would have imposed the current sentence irrespective of the guidelines range.

The Government acknowledges in its response that an evidentiary hearing would be appropriate to resolve whether trial counsel's deficiency was prejudicial under *Strickland*. Evidentiary hearings in section 2255 proceedings are governed by section 2255(b), which provides as follows:

> Unless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief, the court shall cause notice thereof to be served upon the United States attorney, grant a prompt hearing thereon, determine the issues and make findings of fact and conclusions of law with respect thereto. If the court finds that the judgment was rendered without jurisdiction, or that the sentence imposed was not authorized by law or otherwise open to collateral attack, or that there has been such a denial or infringement of the constitutional rights of the prisoner as to render the judgment vulnerable to collateral attack, the court shall vacate and set the judgment aside and shall discharge the prisoner or resentence him or grant a new trial or correct the sentence as may appear appropriate.

28 U.S.C. § 2255(b). The Court agrees that trial counsel's performance fell below an objective standard of reasonableness. It further agrees that the record does not unequivocally demonstrate that the deficient performance was not prejudicial. Accordingly, the Court must set a hearing on the issue of *Strickland* prejudice and make relevant findings of fact and conclusions of law. If the Court finds that the sentence as imposed was improper, it must resentence defendant or correct the sentence as appropriate.

The Court will set an evidentiary hearing by separate order for the purpose of hearing argument as to whether a lesser sentence likely would have been imposed in absence of the section 2K2.1(b)(6)(B) enhancement. The Court will consider the record, the PSR, transcripts from the original sentencing hearing, pleadings that were filed by the parties

regarding the original sentencing, and any argument from the Government, defense counsel, and probation officer appearing at the hearing. Should the Court determine that trial counsel's error caused defendant actual prejudice in that the Court likely would have imposed a lesser sentence in absence of section 2K2.1(b)(6)(B), an order will be issued for resentencing or correction of the sentence as may be appropriate.

Indigent defendants are afforded a statutory right to appointed counsel in a section 2255 proceeding under Rule 8, 28 U.S.C. § 2255, if an evidentiary hearing is required. *United States v. Vasquez*, 7 F.3d 81, 83 (5th Cir. 1993). Unless he intends to proceed with retained counsel of his choice, defendant must establish his indigency for appointment of counsel by submitting a properly-supported motion. If the Court determines defendant is indigent, counsel will be appointed by separate order.

    C.    <u>Ineffective Assistance of Appellate Counsel</u>

In his third claim, defendant contends that appellate counsel failed to challenge on direct appeal the Court's application of Sentencing Guideline § 2K2.1(b)(6)(B) to enhance his sentence.

As observed above, defendant waived his right to directly and collaterally attack his sentence, except as to claims of ineffective assistance of counsel. (Docket Entries No. 27, pp. 6–7; No. 52, pp. 12–13.) Appellate counsel was not ineffective in failing to raise a claim that had been waived. *See United States v. Ozorto*, 772 F.3d 1053, 1054–55 (5th Cir. 2014)

(recognizing that appellate counsel need not pursue issues that defendant voluntarily waived).

Appellate counsel was not ineffective in failing to raise a claim for trial court error as to application of Sentencing Guideline § 2K2.1(b)(6)(B), and habeas relief is unwarranted.

## IV. CONCLUSION

For the above reasons, the Court **ORDERS** as follows:

1. Defendant's motion to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255 (Docket Entry No. 63) is **DENIED** as to his claims for trial court error and ineffective assistance of appellate counsel.

2. An evidentiary hearing is **ORDERED** as to defendant's claim that trial counsel's failure to object to application of section 2K2.1(b)(6)(B) was prejudicial under *Strickland*. An evidentiary hearing will be set by separate order following determination of defendant's eligibility for appointment of counsel.

3. If defendant seeks appointment of counsel for purposes of the evidentiary hearing, he must file a motion within **THIRTY DAYS** establishing his indigency. If defendant elects to retain counsel of his choice, counsel must file a notice of appearance in this case within **THIRTY DAYS** from date of this order.

Signed at Houston, Texas, on this the 4th day of August, 2023.

KEITH P. ELLISON
UNITED STATES DISTRICT JUDGE

9