United States District Court
Southern District of Texas
**ENTERED**
August 19, 2024
Nathan Ochsner, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | CRIMINAL ACTION NO. H-19-377-1 |
| v. | § | |
| | § | CIVIL ACTION NO. H-22-1596 |
| KEVIN RAHEEM PENN | § | |

**SUPPLEMENTAL MEMORANDUM OPINION AND ORDER**

Defendant Kevin Raheem Penn filed a *pro se* motion to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255 with a memorandum of law in support (Docket Entries No. 63, 64). The Government filed a response (Docket Entry No. 67), to which defendant filed a reply (Docket Entry No. 69).

On August 4, 2023, the Court determined that defendant's trial counsel was deficient at sentencing under *Strickland v. Washington*, 466 U.S. 668 (1984), in failing to object to the Court's application of the four-level sentencing enhancement under U.S.S.G. § 2K2.1(b)(6)(B), based on defendant's use or possession of a firearm in connection with another felony offense (drug trafficking). The Government agreed that trial counsel should have raised the objection and that application of the enhancement was improper. The Court was of the opinion that an evidentiary hearing would be needed in order to determine whether counsel's error had caused defendant prejudice under *Strickland*, and appointed counsel to represent defendant for purposes of the evidentiary hearing.

Following his appointment, counsel for defendant filed a brief in support of re-sentencing, arguing that prejudice to defendant was clearly established in the record and that a separate evidentiary hearing on the issue was unnecessary. Counsel submitted with the brief an affidavit of defendant's trial counsel, wherein trial counsel acknowledged that he erred in not objecting to application of the enhancement and that defendant should be re-sentenced under the appropriate guidelines. Counsel for defendant argued that the Court could find prejudice, grant the section 2255 motion, and enter an order for re-sentencing. (Docket Entry No. 84.) The Government filed a response, arguing that a hearing was necessary because prejudice was not clearly established in the record. (Docket Entry No. 85.) On April 9, 2024, counsel for defendant filed additional authority in support of re-sentencing, and the issue is ripe for disposition.

Having considered the parties' briefings on the issue, the Court finds that prejudice is clearly established in the record and that an evidentiary hearing is not necessary. With application of the four-level enhancement under § 2K2.1(b)(6)(B) for possession of a firearm in connection with the felony offense of drug trafficking, defendant's offense level was 25; with defendant's criminal history of V, this resulted in a guideline range of 100–125 months. However, it was error to apply the enhancement. Without the enhancement, defendant's offense level would have been 21; with a criminal history of V, defendant's guideline range would have been 80–87 months. This Court sentenced defendant to what it incorrectly believed to be the minimum of 100 months. This was thirteen months higher

than the maximum permitted by the correct guideline range. Therefore, the error resulted in a specific demonstrable increase in sentencing, and defendant suffered prejudice because of it.

Accordingly, the Court **GRANTS** defendant's section 2255 motion as to his claim for ineffective assistance of trial counsel at sentencing. (Docket Entry No. 63.) A hearing date for re-sentencing will be set by separate order. The appointment of Richard B. Kuniansky as counsel for defendant remains in effect and shall continue until terminated or a substitute attorney is appointed or makes an appearance herein on behalf of defendant.

Signed at Houston, Texas, on this the 19th day of August, 2024.

KEITH P. ELLISON
UNITED STATES DISTRICT JUDGE